976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank WHITE, Petitioner-Appellant,
v.
G & Y COAL COMPANY, et al., Respondents-Appellees.
 No. 91-3828.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1992.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Frank White seeks review of the order of the Benefits Review Board affirming an administrative law judge's ("ALJ's") denial of his claim for black lung disability benefits filed pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. Petitioner filed an application for black lung benefits on March 24, 1983. G & Y Coal Company was identified as the responsible operator. The claim was denied by the Office of Workers' Compensation Programs on July 22, 1983.
 
 
 2
 Petitioner took no action with regard to the denial of his claim until April 6, 1984, when he filed a second claim for benefits. The second claim was treated as a request for modification. Consequently, on April 11, 1984, petitioner was informed that he must provide additional evidence to establish that there was a change in condition or that an error in fact was made in the denial of his claim. See 20 C.F.R. § 725.310.
 
 
 3
 Petitioner submitted additional medical evidence. On January 8, 1986, petitioner's second claim was again denied by the Office of Workers' Compensation Programs. Following a timely request, a hearing was held before an ALJ on February 5, 1988. On May 2, 1988, the ALJ issued a decision and order denying petitioner's claim. The ALJ found that petitioner had established (1) the existence of pneumoconiosis, (2) that his pneumoconiosis arose out of his coal mine employment, and (3) that he was totally disabled. Nonetheless, the ALJ denied benefits, finding that petitioner had failed to establish that his total disability arose out of his coal mine employment.
 
 
 4
 Petitioner timely appealed the denial of his claim to the Benefits Review Board ("Board"). On July 30, 1991, the Board issued a decision and order affirming the ALJ's denial of benefits. This timely appeal followed.
 
 
 5
 Having carefully considered the record herein, the briefs of the parties, and the argument of counsel, we REVERSE and REMAND this case to the Board. The Board is instructed to remand this case to an ALJ for reconsideration to determine if the petitioner is totally disabled, and, if so, if petitioner's total disability is causally related in whole or in part to his pneumoconiosis under Adams v. Director, OWCP, 886 F.2d 818 (6th Cir.1989). We express no opinion as to the eventual outcome of this case.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation